*E-Filed 2/4/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE WILLIE WEAVER,<br><br>Plaintiff. | No. C 14-1761 RS (PR)<br>No. C 14-1860 RS (PR)<br>No. C 14-2089 RS (PR)<br>No. C 14-2090 RS (PR)<br>No. C 14-2161 RS (PR)<br><br>**ORDER REOPENING ACTIONS**;<br><br>**ORDER TO SHOW CAUSE** |

These are closed federal civil rights cases. They were dismissed because plaintiff failed to pay the filing fee or file a complete application to proceed *in forma pauperis* ("IFP"). Plaintiff since has filed an IFP application in each action listed above. The Court construes each IFP motion as containing a motion to reopen. So construed, the motions to reopen are GRANTED and the actions are REOPENED. The Clerk shall amend each docket accordingly. The judgment and the order of dismissal in each action are VACATED.

Plaintiff, a state prisoner and frequent litigant in federal court, has filed the above pro se civil rights complaints under 42 U.S.C. § 1983 along with motions to proceed IFP under 28 U.S.C. § 1915. **Plaintiff is ordered to show cause on or before March 16, 2015 why 28 U.S.C. § 1915(g) does not bar pauper status in each action. No extensions of time**

**will be granted.**

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

Under the law of this Circuit, plaintiff must be afforded an opportunity to persuade the court that § 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the Court to raise *sua sponte* the § 1915(g) problem, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, plaintiff has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* (1) *Weaver v. Pelican Bay State Prison*, No. C 04-3077 JW (PR) (N.D. Cal. May 18, 2005) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) *Weaver v. Nimrod*, No. C 04-3154 JW (PR) (N.D. Cal. Dec. 14, 2004) (same); (3) *Weaver v. Pelican Bay State Prison Mail Room*, No. C 04-4784 JW (PR) (N.D. Cal. Jan. 5, 2005) (same); and (4) *Weaver v. Daniel*,

ORDER REOPENING ACTIONS
2

No. C 05-1373 JW (PR) (N.D. Cal. May 9, 2005) (same).

These strikes are presumed valid. Plaintiff has had many recent opportunities to challenge the Court's determination that these prior actions are strikes, and he has failed to do so effectively. Plaintiff therefore may proceed *in forma pauperis* only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

In light of these dismissals, and because plaintiff does not appear to be under imminent danger of serious physical injury, the Court now orders plaintiff to show cause why IFP should not be denied and each action should not be dismissed pursuant to 28 U.S.C. § 1915(g). **Plaintiff's response to this order to show cause is due no later than March 16, 2015. No extensions of time will be granted.** The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE." In the alternative to showing cause why each action should not be dismissed, plaintiff may avoid dismissal by paying the full filing fee of $400.00 in each action by the deadline. **Failure to file a response by March 16, 2015 or failure to pay the full filing fee will result in the dismissal of each action without prejudice to bringing his claims in new paid complaints.**

**IT IS SO ORDERED**.

DATED: February 3, 2015

_____
RICHARD SEEBORG
United States District Judge